UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TYRELL H. GORHAM, | ) |
| | ) |
| Petitioner | ) |
| | ) |
| v. | ) 1:16-cv-00623-JAW |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
| Respondent | ) |

### RECOMMENDED DECISION ON PETITIONER'S REQUEST FOR WRIT OF HABEAS CORPUS

In this action, Petitioner Tyrell Gorham requests a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Petition, ECF No. 1.) Upon review of the petition, I recommend the Court dismiss the petition for lack of jurisdiction.

### Discussion

Petitioner asserts that he is a pretrial detainee in federal custody at the Wyatt Detention Center in Rhode Island. (Petition at 1.) He evidently seeks to challenge certain Maine state court records that reflect he was arrested in 2014 for aggravated trafficking in scheduled drugs. (*Id*. at 2.) Petitioner specifically asserts that he was "never convicted" for the offense. (*Id*. at 5.) Petitioner apparently learned of the documentation when a presentence report was prepared presumably in the federal matter for which he is detained. (*Id*. at 3.) Petitioner wants to correct the documentation because he believes the documentation, if

uncorrected, will prevent him from moving to a halfway house at the conclusion of a sentence.[1]  (*Id*. at 8.)

"District courts are limited to granting habeas relief 'within their respective jurisdictions.'"  *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004) (quoting 28 U.S.C. § 2241(a)).  "We have interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'"  *Id.* (quoting *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 495 (1973)).  "The plain language of the habeas statute . . . confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies only in one district: the district of confinement."  *Id.* at 443.  "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  *Id.* at 447.  To the extent, therefore, that Petitioner seeks to alter or requests relief from the conditions of his present physical confinement outside Maine, this Court lacks jurisdiction to consider Petitioner's claim.

Because Petitioner seeks to challenge a state court matter, Petitioner might have intended to assert a habeas action pursuant to 28 U.S.C. § 2254.[2]  Section 2254(a) provides:

---

[1] Petitioner does not reference a specific sentence.  Presumably, Petitioner is referring to the sentence to be imposed on the matter for which he is held in federal custody and for which the presentence report was prepared.

[2] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, upon the filing of a petition, the Court must conduct a preliminary review of the petition, and "must dismiss" the petition "[i]f it

2

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

Consistent with the plain language of the statute, the Supreme Court has held: "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3) and citing 28 U.S.C. § 2254(a)).[3] "Custody, 'the essential statutory ingredient for initial jurisdiction,' is determined as of the date a habeas petition is first filed." *Fernos-Lopez v. Figarella Lopez*, 929 F.2d 20, 23 (1st Cir. 1991) (per curiam) (quoting *United States v. Michaud*, 901 F.2d 5, 6 (1st Cir. 1990) (per curiam)). Because Petitioner asserts in the petition that he was not convicted of the state court drug trafficking offense, he is not "in custody pursuant to the judgment of a State court" as required under section 2254(a). This Court thus lacks jurisdiction to consider Petitioner's request for habeas relief under section 2254.

---

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

[3] Title 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

## Conclusion

Because the Court lacks jurisdiction over Petitioner's claim, whether the claim is asserted pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2254, I recommend the Court dismiss the matter. I further recommend the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2254 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of March, 2017.